(12 Misc. Rep. 116.)

### KESSLER et al. v. LEVY et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

APPEAL—REARGUMENT—ERROR IN RECORD.
     A motion for reargument on the ground that the statement of facts in the papers on appeal is erroneous will be denied where the error will not affect the decision.

Motion for reargument. Denied.

For former decision on appeal, see 32 N. Y. Supp. 260.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Meyer Auerback, for appellants.

Simon Sultan, for respondents.

DALY, C. J.   The motion for reargument should be denied, for the reason that the error in the statement of fact in the papers on appeal will not affect the decision upon the appeal.   That decision was, where a debtor has transferred his assets to a corporation in exchange for its capital stock issued for such transfer, and has offered such shares to his creditors in payment or as collateral security for his indebtedness, the facts do not show that he has removed and disposed of his property with intent to defraud his creditors.   The consideration of the effect of the statute of frauds upon such a transaction as intended to hinder or delay creditors was expressly excluded, and the ruling of the general term was put upon the ground that the evidence of intent to defraud was insufficient because the debtor was in fact offering his creditors the entire avails of the exchange, and therefore the equivalent of the whole transferred property.   In that view the discussion of the facts as to the value of the assets so transferred, whether $350,000 or $250,000, and the proportion which such value bore to the indebtedness of the defendants, was not material to the decision, and a change in such facts would not affect it.   As the amendment to the appeal book is asked for solely as a basis for reargument, and the latter relief is unnecessary, it would be improper to disturb the record; the error being immaterial in the disposition we have made of the case.   Motion denied, without costs.   All concur.